# PROSISE v. PHILLIPS.

---

BILLS AND NOTES; PAROL EVIDENCE; AFFIDAVITS OF DEFENSE.

1. A promissory note absolute on its face cannot be avoided on the theory of conditional delivery, by parol evidence that it was given in satisfaction of the maker's liability as accommodation indorser of prior notes, and upon the condition that the payee primarily pursue the makers of the original notes, and if anything should be collected from them, it should be credited on the note so given.

2. The necessity for a specific statement in an affidavit of defense of credits asserted as a partial defense, is relaxed where the facts which determine the amount are exclusively within the knowledge of the adverse party. (Following The *Richmond* v. *Cake,* 1 App. D. C. 447.)

No. 2565.   Submitted November 6, 1913.   Decided December 1, 1913.

HEARING on an appeal by the defendant from a judgment of the District of Columbia entered upon motion of plaintiff for want of a sufficient affidavit of defense in a suit on a promissory note.                                *Reversed.*

The COURT in its opinion stated the facts as follows:

This is an appeal from a judgment in a suit upon a promissory note. Appellee, Howard W. Phillips, plaintiff below, filed an affidavit of merit with his declaration. Defendant, John L. Prosise, with his pleas, filed an affidavit of defense. Upon the motion of plaintiff, the court declared the affidavit of defense insufficient, and, accordingly, under rule 73 of the general rules of the supreme court of the District of Columbia, entered judgment.

The affidavit of defense is as follows:

District of Columbia, ss:

John L. Prosise, being first duly sworn, on oath deposes and says that he is the defendant in the above-entitled cause, and has personal knowledge of the matters and things herein stated; he admits that he is the maker of the note set out in the declaration, but avers that said note was made and delivered and so accepted with the understanding and agreement hereinafter set forth; that on or about December, 1908, this defendant was an accommodation indorser upon certain notes of various individuals given to the E. Morrison Paper Company, and by said company discounted at the Merchants & Mechanics' Savings Bank (the proceeds of said discounts being passed to the credit of the said E. Morrison Paper Company), he being at the time of said indorsements the treasurer of the said E. Morrison Paper Company; that at the time of the agreement herein mentioned (about February, 1911) the said E. Morrison Paper Company had become bankrupt, and this deponent, by reason thereof, had no occupation and was the owner of no property out of which a judgment against him might be realized if he was sued on said notes; that, in addition, there was doubt as to his liability thereon. Furthermore, several of the makers of said notes were in a critical financial condition and subsequently went into bankruptcy. One of the said notes, for $900, was made by the Wilkins-Sheiry Printing Company, which at the time of the agreement herein mentioned was in the hands of a

receiver; the maker of another note, for $117, William T. Stormont, was in a critical financial condition, and was subsequently sold out by his creditors; another note, for $81.20, was made by H. L. Rothrock, who had made an assignment for the benefit of his creditors, leaving the maker of only one note, for $362, Norman T. Elliott, whose affairs were not in litigation or had become bankrupt. In view of the foregoing facts, the defendant, being anxious to protect his good name and credit, agreed with the Merchants & Mechanics' Savings Bank to pay them the sum of $593 in cash (which he did), and to give them a note for $1,018.44, which covered in full the above-mentioned notes upon which he was an indorser for said E. Morrison Paper Company, the $593 cash payment representing several other claims which the said bank claimed to hold against this deponent on account of other notes of the E. Morrison Paper Company, which he had indorsed as aforesaid; that said note was made and delivered to the said Merchants & Mechanics' Savings Bank, and accepted by them with the distinct understanding that they would proceed to collect whatever they could from the estates of the makers of said notes, and credit the same on the said note given them by deponent as aforesaid, and with the further understanding that he was to curtail said note at such times and in such amounts as he conveniently could, and that if he, under such arrangement, had completed the payment of said note before anything had been realized from the estates of the makers aforesaid, that said bank was to assign its rights against said parties to him, but that in no event was he to be called upon to pay said note or any part thereof, except as he could conveniently do so as aforesaid, until the bank had exhausted all possible efforts to obtain the amounts due from the estates of the makers of the notes aforesaid; that said Merchants & Mechanics' Savings Bank was subsequently merged with the United States Trust Company, which company took this deponent's note with the understanding aforesaid; that pursuant to said agreement, this deponent has, from time to time, paid interest on the note he gave as aforesaid, and the said bank obtained certain sums from the bankrupt estate of the Wilkins-

Sheiry Printing Company, which they applied to the payment. of his original note, whereupon he gave them the note sued upon in this cause. Deponent avers that, in addition to the Wilkins-Sheiry Printing Company credit above mentioned, he is entitled to other credits upon said note, under the agreement aforesaid, which have not been made by the United States Trust Company or plaintiff, which facts he expects to prove at the trial of this case, but he cannot now more specifically set forth said credits, as the information concerning same is in the possession of the United States Trust Company and plaintiff. That the plaintiff in this suit is assistant to the treasurer of the United States Trust Company, and had and has full knowledge of the agreement hereinbefore set out, and that if said note has been assigned to him as alleged in his affidavit, the assignment was after maturity and with full knowledge of the agreement aforesaid. Deponent therefore avers that said note was made and delivered conditionally as aforesaid, and said conditions have not been fulfilled, and also that the credits as above mentioned, and to which he is rightfully entitled, have not been made by the said plaintiff, or the United States Trust Company, and further that the bank's claim against the E. Morrison Paper Company is still pending and undetermined, and that it has taken judgments on the notes above mentioned of Norman T. Elliott and William T. Stormont, but has made no effort to collect said judgments, as it agreed to do before calling upon the deponent for the payment of the said note. Deponent therefore says that he has a just and valid defense to the claim aforesaid.

(Signed)  John L. Prosise.

*Mr. Leo P. Harlow* for the appellant.

*Mr. H. Winship Wheatley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is contended by counsel for defendant that the facts stated

.in the affidavit are sufficient to show that the delivery of the note was conditional, and not absolute, and, being such, parol evidence may be admitted to prove the conditional delivery and nonfulfilment of the condition, in order to avoid the effect of the instrument. This principle is sound, but inapplicable to the present case. Here, the note delivered was absolute upon its face, and the agreement relied upon was not a condition affecting the delivery of the note, but an oral agreement to the effect that, if the bank should collect anything from the makers of the original notes, the amount so collected should be credited upon the note of defendant. The note was not therefore given upon a contingency to happen in the future, the happening of which should be necessary to make the note a binding obligation against the obligor. Neither is it susceptible of the defense that no agreement was in fact entered into as a consideration for the delivery of the note. Counsel for defendant relies upon the leading case of *Burke* v. *Dulaney,* 153 U. S. 228, 38 L. ed. 698, 14 Sup. Ct. Rep. 816. But this is not such a defense as comes within the classification there made of available defenses to written instruments.

The second defense set up in the affidavit presents a more difficult question. It is conceded, as indeed it must be, that a defendant in a suit upon a promissory note may always submit proof to show that he is entitled to credits as an offset against the amount claimed. Rule 73 provides as follows: "In any action arising *ex contractu,* if the plaintiff or his agent shall have filed, at the time of bringing his action, an affidavit setting out distinctly his cause of action, and the sum he claimed to be due, exclusive of all set-offs and just grounds of defense, and shall have served the defendant with copies of his declaration and of said affidavit, he shall be entitled to a judgment for the amount so claimed, with interest and costs, unless the defendant shall file, along with his plea, if in bar, an affidavit of defense, denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defense, which must be

such as would, if true, be sufficient to defeat plaintiff's claim in whole or in part."

While the rule undoubtedly requires a defendant, when claiming the benefit of a credit as a partial defense, to set it out with the amount specifically stated, in order that, if the plaintiff should elect to admit the credit, judgment for the balance may be entered, and a trial thereby avoided, yet the rule will not admit of so harsh an application as to prevent a defendant from availing himself of this defense where the amount and the facts relating to the credit are in the possession of the plaintiff, and can be ascertained only upon the trial. Defendant, in his affidavit of defense, states that he is entitled to "credits upon said note, under the agreement aforesaid, which have not been made by the United States Trust Company or plaintiff, which facts he expects to prove at the trial of this case, but he cannot now more specifically set forth said credits, as the information concerning same is in the possession of the United States Trust Company and plaintiff." This statement brings defendant clearly within the construction placed upon the rule in *The Richmond* v. *Cake,* 1 App. D. C. 447.

The judgment is reversed with costs, and cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*